UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61208-CV-ALTONAGA
MAGISTRATE JUDGE REID

CHRISTOPHER ROUNDTREE,

      Petitioner,

v.

MARK S. INCH, SEC'Y, FLORIDA DEP'T OF
CORR., et al.,

      Respondents.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

*Pro se* Petitioner Christopher Roundtree has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for possession of a firearm by a convicted felon in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Case No. 01-1346CF10. [ECF Nos. 11, 14]. This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-02; and Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts. [ECF No. 2].

For its consideration of the Amended Petition [ECF No. 11], the Undersigned has reviewed the State's Response to the Court's Order to Show Cause [ECF No. 15], along with its supporting exhibits consisting of all pertinent portions of the underlying criminal file in the State's case against Petitioner and transcripts of the relevant proceedings, as well as the subsequent appellate filings and decisions. [ECF Nos. 16, 17]. Petitioner's Reply is also considered. [ECF No. 37]

1

For the reasons stated below, the Amended Petition should be DENIED because the claims are unexhausted and procedurally barred or otherwise fail on the merits.

## II.    Claims

Construing the Amended Petition liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises eight claims as follows:

1. The trial court erred in denying Petitioner's motion for a continuance of the trial where the prosecutor's late disclosure of evidence affected defense counsel's ability to be properly prepared for trial. [ECF No. 11 at 3-5].

2. Counsel was ineffective for failing to timely file a motion to continue trial in order to consult with a gunshot residue expert and failed to investigate/obtain an independent gunshot residue expert. [*Id*. at 5-9].

3. Counsel was ineffective for allowing the shooting of Christina Smith and her injuries to become a feature of his trial. [*Id*. at 10-12].

4. Counsel was ineffective for failing to object to the prosecutor's closing argument attacking Petitioner's character and arguing for the jury to convict him based on the shooting of Christina Smith. [*Id*. at 13-14].

5. Counsel was ineffective for failing to object to "inflammatory" evidence presented by the prosecutor including Dr. Cohen's testimony of his surgery on Christina Smith to remove the bullet, photographs of Smith's injuries, the 911 tape where Smith was moaning in pain, and for the 53 references to Smith's injuries. [*Id*. at 14-15].

6. Counsel was ineffective for failing to file a motion in limine to exclude evidence of the shooting and Smith's resulting injuries. [*Id*. at 15-16].

7. The trial court erred in admitting Christina Smith's hearsay statements to the paramedic about who shot her and the circumstances surrounding the shooting. [*Id*. at 17]. Petitioner maintains that the statement was not admissible as an excited utterance. [*Id*.].

8. The trial court erred in limiting defense counsel's cross-examination of Christina Smith regarding the stolen credit cards in her apartment. [*Id*.]. Such evidence would have demonstrated that Smith's biased testimony was made to avoid her own criminal investigation. [*Id*. at 18].

In addition, Petitioner seeks an evidentiary hearing to develop the facts in this case, the appointment of counsel, and for the Court to vacate his conviction and sentence. [*Id*. at 20].

### III.   Procedural History

#### A.   *Information, Trial Verdict, Sentencing*

Petitioner was initially charged in a four-count Information with (Count 1) possession of a firearm by a convicted felon, (Count 2) tampering with evidence, (Count 3) culpable negligence, and (Count 4) unlawful use of a false name. [ECF No. 16-1 at 14-15]. In the state court's order granting his motion to sever the counts, Count 1 was tried separately. [*Id*. at 17]. The State noticed its intent to the court to declare Petitioner a habitual offender. [*Id*. at 231-232]. On May 24, 2001, the jury found Petitioner guilty of Count 1. [*Id*. at 22]. Counsel filed an unsuccessful motion for a new trial making numerous supporting arguments including but not limited to: the trial court improperly rejected his motions to continue the trial, the "hearsay testimony" made by Christina Smith to the paramedic was admitted over defense objections, and the prosecutor's comments related to Petitioner's character were improper. [*Id*. at 27-28]. Counsel made similar arguments at the beginning of the sentencing hearing. [ECF No. 17-1 at 3, 14]. Petitioner was sentenced as a habitual offender to thirty years imprisonment with credit for time served. [*Id*. at 24, 30-31, 33-35; ECF No. 16-2 at 106, 108; ECF No. 17-1 at 16].

#### B.   *Direct Appeal*

Petitioner filed a direct appeal in the Fourth District Court of Appeals ("Fourth DCA") in Case No. 4D01-2669. [*Id*. at 37, 39-41]. Petitioner argued the same claims he raises in this federal habeas petition as Claims 1, 7, and 8. Namely, Petitioner argued the trial court abused its discretion in denying his motion to continue the trial, in admitting Smith's hearsay statement to the paramedic, and limiting the defense's cross-examination of Smith regarding her alleged possession

of stolen credit cards. [*Id*. at 42-89]. On April 9, 2003, the Fourth DCA affirmed Petitioner's conviction and sentence, *per curiam* and without written opinion. *See Roundtree v. State of Florida*, 843 So. 2d 281 (Fla. 4th DCA 2003). Petitioner did not appeal further. [*Id*. at 40].

Petitioner did not seek discretionary review from the Florida Supreme Court. The time for doing so expired 30 days after the appellate court's affirmance of Petitioner's conviction; therefore, his conviction became final on May 9, 2003. Since Petitioner did not seek discretionary review from the Florida Supreme Court, he is not entitled to an additional 90 days to seek a writ of certiorari in the Supreme Court of the United States. *See Gonzalez v. Thaler*, 565 U.S. 134 (2012); *see also* Sup. Ct. R. 13. However, assuming without deciding that Petitioner was entitled to appeal to the Supreme Court of the United States, then, alternatively, his conviction would become final 90 days after the Fourth DCA affirmed his conviction, on July 8, 2003, when the time to appeal to the Supreme Court of the United States expired. *See id.* Accordingly, Petitioner had one year, until **July 8, 2004**, to timely file a federal habeas petition absent any tolling motions. *See* 28 U.S.C. § 2244(d).

### C. *Relevant Post-Conviction[1] Proceedings*

On July 15, 2003, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850.[2] [ECF No. 16-1 at 147-174]. Six years later, on October 30, 2009, Petitioner filed

---

[1] Petitioner pursued only one post-conviction proceeding in state court (per Rule 3.850) but presented multiple supplements or amendments. Detailing the claims raised in Petitioner's various post-conviction motions is relevant to the exhaustion analysis in Section VB of this Report. Therefore, the Report outlines all claims presented by Petitioner in his amendments to the state court.

[2] In his initial 3.850 motion, Petitioner raised the following claims:

1. Counsel failed to file a motion to exclude the testimony of Gerald Andrew Smith. [ECF No. 16-1 at 148-153].

2. Counsel failed to object to irrelevant and immaterial testimony by (a) Gerald Andrew Smith, an employee of the Florida Department of Law Enforcement's crime lab; (b) Carl Haemmerle, the firearms and tool mark examiner with the Broward County Sheriff's office; (c) Claudine Carter, a latent prints examiner with the

a motion to hear and rule because the court never addressed his Rule 3.850 motion. [*Id*. at 253-254]. Initially, the state court denied the motion stating that there was no pending motion. [*Id*. at 255]. *See also* state court's memorandum certifying that after a diligent search, no record of the motion could be found. [*Id*. at 256].

On April 6, 2010, now represented by counsel, Petitioner filed a motion to supplement his Rule 3.850 motion, which was granted. [*Id*. at 180-181, 259]. Petitioner's supplement reiterated his initial arguments.[3] The State filed a response arguing that Petitioner's motion was untimely.

---

Broward County Sheriff's office; (d) Ivy Francis, a pathology transcriptionist, who testified as to the chain of custody of the bullet; and (e) William Cohen, the doctor who performed the surgery on Christina Smith. [*Id*. at 153-163].

3.   Counsel failed to properly cross-examine and impeach Haemmerle. [*Id*. at 163-167].

4.   Counsel failed to properly cross-examine Gerald Smith [*Id*. at 167-169].

5.   Counsel failed to properly cross examine Gerald Smith. [*Id*. at 169-172].

6.   Petitioner also raised a "cumulative error claim." [*Id*. at 172-173].

In the initial Rule 3.850 motion, **only Claim 2e** is most closely related to any of Petitioner's claims in this federal habeas proceeding, here, as Claim 5.

[3] Petitioner raised the following claims in his supplement:

1.   Counsel failed to object to having Gerald Smith qualified as an expert under Florida law [ECF No. 16-1 at 190-192].

2.   Counsel failed to object to Haemmerle's testimony where he stated the firearms tests were not conclusive [*Id*. at 193].

3.   Counsel failed to object to Carter's testimony that she did not review any fingerprints in Petitioner's case as irrelevant in light of Haemmerle's testimony. [*Id*.].

4.   Counsel failed to object to Francis' testimony regarding the chain of custody of the bullet as irrelevant for the same reason. [*Id*.].

5.   Counsel failed to object to Dr. Cohen's testimony as irrelevant for the same reason. [*Id*.].

6.   Counsel failed to sufficiently cross-examine Gerald Smith. [*Id*. at 194-195].

7.   Counsel failed to impeach Haemmerle's testimony. [*Id*. at 195].

8.   Petitioner also repeated the cumulative error argument. [*Id*. at 196].

[*Id*. at 204-222]. The state court conducted an evidentiary hearing on the matter [ECF No. 17-2 at 1-49] and, ultimately, determined the motion was timely filed. [*Id*. at 270, 279-281].

Next, on May 27, 2014, Petitioner filed an amended Rule 3.850 motion. [ECF No. 16-1 at 283-294]. There, Petitioner claimed:

1. Counsel failed "to object, move for mistrial, or argue on a motion for new trial that the prosecutor impermissibly made the shooting of Christina Smith a feature of [his] trial." [ECF No. 16-1 at 285-287].

2. Counsel failed "to object to the prosecutor's improper [closing] arguments," which were designed to elicit "sympathy" from the jury. [*Id*. at 288-289].

3. Counsel failed "to object and request a mistrial when the prosecutor improperly cited [Petitioner] as a certain criminal type" – "a convicted felon." [*Id*. at 289-291].

Petitioner also reiterated his "cumulative error" claim. [*Id*. at 291-292]. The first three claims are most closely related to Claims 3 and 4 in this federal proceeding.

Six months later, on November 30, 2014, Petitioner filed a *second amended* motion. [ECF No. 16-2 at 2-31]. There, Petitioner claimed:

1. Counsel failed "to conduct an adequate pretrial investigation" because he did not "obtain an independent gunshot residue expert." [ECF No. 16-2 at 6-8].[4]

2. Counsel failed to object or move for a mistrial or motion for a new trial because the State made the shooting of Christina Smith a feature of his trial. [*Id*. at 8-12].[5]

3. Counsel failed to object, move for a mistrial, or motion for a new trial based on the state improperly introducing irrelevant evidence and argument designed to invoke sympathy from the jury – namely, Dr.

---

In the supplement, only Claim 5 is most closely related to any of Petitioner's claims in this federal habeas proceeding, here, also as Claim 5.

[4] This claim is most closely related to Claim 2 in the instant federal habeas proceeding.

[5] This claim is most closely related to Claim 3 in the instant federal habeas proceeding.

Cohen's testimony regarding Christina Smith's injuries and the 911 tape of her "moaning." [*Id*. at 13-17].[6]

4. Counsel failed to object to the prosecutor's closing arguments which characterized Petitioner as a "convicted felon" who should not have been in possession of a gun and emphasized Christina's injuries. [*Id*. at 18-23].[7]

5. Counsel failed to file a motion in limine to exclude any reference to the shooting of Christina Smith. [*Id*. at 24-27]. As a result, the prosecutor improperly referenced the shooting fifty-three times during trial. [*Id*. at 26].[8]

Petitioner again reiterated his "cumulative error" claim. [*Id*. at 28].

The State filed its response. [*Id*. at 37-75]. According to the State, all claims of trial court error, insufficiency of the evidence, and prosecutorial error or misconduct were procedurally barred because Petitioner should have raised the matters on direct appeal. [*Id*. at 52-63, 66]. The remaining claims of ineffective assistance of counsel claims were controverted by the record or were otherwise matters for direct appeal improperly couched as ineffective assistance of counsel claims. [*Id*. at 63-74]. Ultimately, on September 8, 2016, although the state court determined all of Petitioner's claims were timely filed, it denied Petitioner's Rule 3.850 motion incorporating the State's response supported by the record. [ECF No. 16-4 at 102-106].

Petitioner appealed the denial of his 3.850 motion to the Fourth DCA in Case No. 4D17-0508. [ECF No. 16-4 at 138-140]. However, Petitioner raised claims alleging the post-conviction court committed the following "reversible error[s]":

1. The post-conviction court failed to attach court records to its order denying Petitioner's Rule 3.850 motion. [*Id*. at 143, 152-160].

---

[6] This claim is most closely related to Claim 5 in the instant federal habeas proceeding.

[7] This claim is most closely related to Claim 4 in the instant federal habeas proceeding.

[8] This claim is most closely related to Claim 6 in the instant federal habeas proceeding.

    2. The post-conviction court failed to address his claim that counsel failed to file a motion in limine. [*Id*. at 143, 161]

    3. The post-conviction court failed to grant him an opportunity to amend his claims regarding counsel's failure to investigate or obtain an independent gun shot residue expert. [*Id*. at 143, 162-165]

    4. The post-conviction court wrongly denied Petitioner's cumulative error claim. [*Id*. at 143, 166].

On April 12, 2018, the Fourth DCA affirmed the denial of relief, *per curiam* and without written opinion. *See Roundtree v. State of Florida*, 246 So. 3d 1247 (Fla. 4th DCA 2018). The Fourth DCA issued its mandate on July 6, 2018. [ECF No. 16-4 at 242]. During this period, from **July 15, 2003, through July 6, 2018**, the statute of limitations was properly tolled.

Three hundred and seven days later, on **May 9, 2019**, Petitioner timely filed his original federal habeas petition. [ECF No. 1]. Subsequently, Petitioner filed the operative Amended Petition [ECF No. 11], which is now ripe for review.

## IV.   Applicable Law

### A.  *Standard of Review in § 2254 Cases*

This Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *See Abdul–Kabir v. Quarterman*, 530 U.S. 233, 246 (2007); *see also Davis v. Jones*, 506 F.3d 1325, 1331, n.9. (11th Cir. 2007). "AEDPA limits the scope of federal habeas review of state court judgments." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted)).

The Court may grant habeas relief from a state court judgment only if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In that respect, the Eleventh Circuit has made clear that:

> [a] state court's decision rises to the level of an unreasonable application of federal law only where the ruling is 'objectively unreasonable, not merely wrong; even clear error will not suffice.' *Virginia v. LeBlanc*, 582 U.S. ___, ___, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (*per curiam*) (quoting *Woods v. Donald*, 575 U.S. ___, ___, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (*per curiam*)). This standard is "meant to be" a difficult one to meet. *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 786, 178 L.Ed.2d 624 (2011).

*Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017).

Federal courts "must also presume that 'a determination of a factual issue made by a State court [is] correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.'" *Morrow v. Warden*, 886 F.3d 1138, 1147 (11th Cir. 2018) (quoting 28 U.S.C. § 2254(e)(1)). This presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Bui v. Haley*, 321 F.3d 1304, 1312 (11th Cir. 2003)).

More recently, the Supreme Court of the United States in *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018), concluded there is a "look through" presumption in federal habeas corpus law, as silence implies consent. *See also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605-1606 (2016) (*per curiam*) (adopting the presumption that silence implies consent but refusing to impose an irrebuttable presumption). Where the state court's adjudication on the merits of a claim is unaccompanied by an explanation, the Supreme Court of the United States instructs that:

> [T]he federal court should 'look through' the unexplained decision to the

> last related state-court decision that does provide a relevant rationale. It
> should then presume that the unexplained decision adopted the same
> reasoning.

*Wilson*, 138 S. Ct. at 1192. In other words, if the last state court to decide a prisoner's federal claim

provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court

simply reviews the specific reasons given by the state court and defers to those reasons if they are

reasonable." *Id.* However, if the relevant state-court decision on the merits is not accompanied by

a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look

through' the unexplained decision to the last state-court decision that does provide a relevant

rationale." *Id.*

Moreover, the Supreme Court of the United States has repeatedly cautioned that "[t]he

petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to

overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Richter*, 562 U.S. at 102-103

(quotation marks omitted)).

## V.   Discussion

### A.   *Claim 1 – The Trial Court Did Not Err in Denying the Motion to Continue*

In **Claim 1**, Petitioner claims that the trial court erred in denying his unopposed motion for

a continuance of the trial where the prosecutor's late disclosure of evidence affected defense

counsel's ability to be properly prepared for trial. [ECF No. 11 at 3-5]. Parties correctly agree the

claim is exhausted having been properly presented on direct appeal. [ECF No. 16-1 at 44, 61, 68-

78]. The State correctly asserts that this claim fails on the merits. [ECF No. 15 at 40-46].

In reviewing a petition for a writ of habeas corpus, a federal court will not disturb a state

trial court's denial of a motion for a continuance unless "the trial court's actions were so arbitrary

as to result in the denial of due process." *Alderman v. Zant*, 22 F.3d 1541, 1558 (11th Cir. 1994).

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *accord., Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir. 1981) (To warrant habeas corpus relief, the trial court's denial of a continuance must "have been so arbitrary and fundamentally unfair that it violates the constitutional principles of due process.").[9]

Particularly instructive here is *Ungar*, where the Supreme Court held that five days between a petitioner's notice of the claims against him was not inadequate to hire counsel and prepare a defense. *See Ungar*, 376 U.S. at 590. Here, counsel had the expert's report for two weeks. [ECF No. 19-1 at 23]. Still, the court offered to counsel that "it would have the jury come back tomorrow if you tell me you want to call your own expert" and reminded him of the public defenders' resources to obtain gun residue experts should the need arise. [*Id.* at 24]. Counsel agreed. [*Id.*]. Given this preparation time allotted, it cannot be maintained that the denial of the continuance was arbitrary and fundamentally unfair, particularly, since there had been at least three continuances in this case. [ECF No. 19-1 at 13].

The state courts' conclusion that Petitioner was not deprived of his right to a fair trial and that the trial court did not abuse its discretion in denying the motion to continue was neither contrary to, nor an unreasonable application of, clearly established federal law. Deference is due. Accordingly, **Claim 1** fails and should be DENIED.

---

[9] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

### B.  Exhaustion and Procedural Bar as to Claims 2, 3, 4, 5, 6, 7, and 8

The State asserts that all of Petitioner's claims, except Claim 1 (previously addressed), are procedurally barred from federal habeas review because the claims are unexhausted. [ECF No. 15 at 32-36]. In his Reply, Petitioner disagrees that his claims are unexhausted because he presented them as ineffective assistance claims under the Sixth Amendment. [ECF No. 37].  Petitioner claims it was impossible for him to properly exhaust his claims because the post-conviction court did not permit him to properly amend his pleadings.[10] [*Id*. at 6]. The record does not support this claim. It bears noting that this Court, in its Order directing Petitioner to amend his petition, warned him "of the futility of presenting constitutional claims within a federal habeas petition that have not been exhausted at the state level." [ECF No. 5 at 4].

Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits. *See Anderson v. Harless*, 459 U.S. 4 (1982); *see also Hutchings v. Wainwright*, 715 F.2d 512 (11th Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. *See Leonard v. Wainright*, 601 F.2d 807 (5th Cir. 1979).

Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *See Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion also requires review by the state appellate and post-conviction courts. *See Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010); *see also Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005).

---

[10] As described above in the procedural history section of this report, Petitioner filed an initial Rule 3.850 motion [ECF No. 16-1 at 147-174]; a supplement to the Rule 3.850 motion with the assistance of counsel [*Id*. at 188-197]; a first amended motion [*Id*. at 283-294]; and a second amended motion [ECF No. 16-2 at 2-31]. All supplements and amendments were permitted by order of the state courts. [ECF Nos. 16-1 at 259; 16-4 at 102-106].

In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion and an appeal from its denial, *see Leonard*, 601 F.2d at 808, or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion and an appeal from its denial. *See Caraballo v. State*, 805 So. 2d 882 (Fla. 2d DCA 2001).

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32.

To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. *See Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. *See Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

In addressing exhaustion, to the extent that Petitioner asserts that he would be able to overcome the procedural default because the state court did not permit him to properly amend his Rule 3.850 motion, such a claim flies in the face of the record. As explained above, Petitioner filed

13

an initial Rule 3.850 motion, a supplemental motion prepared by counsel, a first amended motion, and a second amended motion, all of which were rebutted by the State and considered by the state court. Petitioner can point to no impediment which would interfere with the proper presentation of his claims.

1. Claim 2 is Unexhausted

**Claim 2** consists of, essentially, two claims: (a) counsel failed to timely file a motion to continue trial in order to consult with a gunshot residue expert and (2) counsel failed to investigate/obtain an independent gunshot residue expert. [ECF No. 11 at 5-9].

In his second amended Rule 3.850 motion, Petitioner only claimed counsel failed "to conduct an adequate pretrial investigation" because he did not "obtain an independent gunshot residue expert." [ECF No. 16-2 at 6-8]. He did not present the claim that counsel should have filed a motion to continue the trial in order to consult with an expert. In denying relief, the state court incorporated the State's response, supported by the record and determined a gunshot residue expert was unnecessary given defense counsel's cross examination of the state's witness. [ECF No. 16-4 at 104-105]. Still, it is insufficient that he only raised the claim in the lower court. Petitioner did not present either of these claims to the Fourth DCA in his appeal of the denial as required by *Leonard* and *Mason*. Rather, as discussed above, Petitioner claimed that the post-conviction court committed several errors in denying his Rule 3.850 motion.

Because Petitioner did not give the state courts meaningful opportunity to address the federal claims, including and up through an appeal, **Claim 2** is unexhausted and should be DENIED.

## 2. Claim 3 is Unexhausted

In **Claim 3**, Petitioner claims that counsel was ineffective for otherwise allowing the shooting of Christina Smith and her injuries to become a feature of his trial. [ECF No. 11 at 10-12]. In his first amended Rule 3.850 motion, Petitioner claimed that counsel failed "to object, move for mistrial, or argue on a motion for new trial that the prosecutor impermissibly made the shooting of Christina Smith a feature of [his] trial." [ECF No. 16-1 at 285-287]. In his second amended motion, Petitioner made the same claim. [ECF No. 16-2 at 8-12]. In denying relief, the state court incorporated the State's response supported by the record and found the claim was procedurally barred because it was a trial court error claim improperly couched as an ineffective assistance of counsel claim and should have been raised on direct appeal. [ECF No. 16-4 at 105-106].

However, Petitioner did not raise this as a claim when appealing the denial of his Rule 3.850 motion to the Fourth DCA as required by *Leonard* and *Mason*. For the same reasons as stated previously in Claim 2, **Claim 3** is also unexhausted and is due to be DENIED.

## 3. Claim 4 is Unexhausted

In **Claim 4**, Petitioner claims that counsel was ineffective because he failed to object to the prosecutor's closing argument that the jury should convict Petitioner based on the shooting of Christina Smith and for attacking Petitioner's character. [ECF No. 11 at 13-14]. In his first amended Rule 3.850 motion, Petitioner claimed counsel failed "to object to the prosecutor's improper [closing] arguments," which were designed to elicit "sympathy" from the jury [ECF No. 16-1 at 288-289]; and counsel failed "to object and request a mistrial when the prosecutor improperly cited [Petitioner] as a certain criminal type – "a convicted felon." [*Id.* at 289-291]. In his second amended Rule 3.850 motion, Petitioner claimed counsel failed to object to the prosecutor's closing arguments which characterized Petitioner as a "convicted felon" who should

not have been in possession of a gun and emphasized Smith's injuries. [ECF No. 16-2 at 18-23]. In denying relief, the state court incorporated the State's response supported by the record and determined counsel was not ineffective for failing to object to the closing arguments because it amounts to trial strategy. [ECF No. 16-4 at 105].

Yet, again, Petitioner did not raise this as a claim on appeal to the Fourth DCA as required by *Leonard* and *Mason*. Accordingly, **Claim 4** is unexhausted and should be DENIED.

### 4. Claim 5 is Unexhausted

In **Claim 5**, Petitioner claims that counsel failed to object to "inflammatory" evidence presented by the prosecutor including Dr. Cohen's testimony of his surgery on Christina Smith to remove the bullet, photographs of Smith's injuries, the 911 tape where Smith was moaning in pain, and for the fifty-three references to Smith's injuries. [ECF No. 11 at 14-15]. In his initial Rule 3.850 motion, as Claim 2(e), Petitioner raised the claim that counsel failed to object to irrelevant and immaterial testimony presented by William Cohen, the doctor who performed the surgery on Christina Smith. [ECF No. 16-1 at 161]. In his supplement, Petitioner further asserted that Counsel failed to object to Dr. Cohen's testimony as irrelevant. [*Id.*]. In his second amended Rule 3.850 motion, Petitioner claimed that counsel failed to object, move for a mistrial, or motion for a new trial based on the state improperly introducing this evidence and argument designed to invoke sympathy from the jury. [ECF No. 16-2 at 13-17]. In denying relief, the state court incorporated the State's response supported by the record and determined that counsel was not ineffective. [ECF No. 16-4 at 104-106].

However, Petitioner did not present this claim to the Fourth DCA in accordance with *Leonard* and *Mason*. Therefore, **Claim 5** is unexhausted and should be DENIED.

5.  Claim 6 is Unexhausted

In **Claim 6**, Petitioner claims that counsel failed to file a motion in limine to exclude evidence of the shooting and Smith's resulting injuries. [ECF No. 11 at 15-16]. In his second amended Rule 3.850 motion, Petitioner claimed counsel failed to file a motion in limine to exclude any reference to the shooting. [ECF No. 16-2 at 24-27]. Petitioner presented to the appellate court only that the post-conviction court failed to address his claim that counsel failed to file a motion in limine. [ECF No. 16-4 at 161]. This is insufficient to satisfy the exhaustion requirement pursuant to *Leonard* and *Mason*. Accordingly, **Claim 6** is unexhausted and should be DENIED.

6.  Claim 7 is Unexhausted and Not Cognizable

In **Claim 7**, Petitioner claims the trial court erred in admitting Smith's hearsay statements to the paramedic about who shot her and under what circumstances. [ECF No. 11 at 17]. Petitioner maintains that the statement was not admissible as an excited utterance. [*Id.*].

Petitioner raised this trial court error claim on direct appeal relying only upon Florida's hearsay statute, Fla. Stat. § 90.803, Florida case law, and a treatise[11] on Florida evidence law. [ECF No. 16-1 at 44, 61, 79-83]. At no point did Petitioner raise this claim as one under federal law or as a violation of the Constitution. Accordingly, Claim 7 is unexhausted and is due to be denied.

Moreover, even if the claim were exhausted, the extraordinary remedy of habeas corpus lies only for a violation of the Constitution. *See* 28 U.S.C. § 2254(a). It is well settled that questions regarding the admissibility of evidence are matters of state law and, therefore, are generally not cognizable. As articulated by the Supreme Court of the United States, in reviewing state convictions, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Relief will

---

[11] Charles W. Ehrhardt, Florida Evidence § 803.4, at p. 720 (2001 ed.). [ECF No. 16-1 at 80].

not be granted "based on an evidentiary ruling unless the ruling affects the fundamental fairness of the trial." *Sims v. Singletary*, 155 F.3d 1297, (11th Cir. 1998) (citations omitted) Petitioner cannot demonstrate that the trial court's admission of this evidence adversely affected his trial. Such errors are subject to the harmless error analysis and will not be the basis of federal habeas relief unless the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Accordingly, **Claim 7** should be DENIED.

7. Claim 8 is Unexhausted or, Alternatively, Fails on the Merits

In **Claim 8**, Petitioner claims that the trial court erred in limiting defense counsel's cross-examination of Smith regarding the stolen credit cards in her apartment. [ECF No. 11 at 17.]. Petitioner contends that this evidence would have demonstrated that her testimony was biased so she could avoid her own criminal investigation. [*Id*. at 18]. Again, Petitioner raised this trial court error claim on direct appeal relying only upon Florida law. [ECF No. 16-1 at 44, 61, 84-87]. At no point did Petitioner raise this claim as one under federal law or as a violation of the Constitution as required per *Baldwin*. Accordingly, this claim is unexhausted and is procedurally barred.

Even if Petitioner's claim is exhausted, his claim would still fail on the merits. The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. However, the right to cross-examine is not absolute. *See Chambers v. Mississippi*, 410 U.S. 284, 295 (1973). The trial court has discretion to limit the scope of cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant . . . 'the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'"

18

*Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (citing *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985).

Prior to trial, there was discussion about the credit cards found underneath the couch cushion in the home Smith shared with Petitioner. [ECF No. 19-1 at 25]. Counsel argued it was necessary to question Smith regarding her probationary status given the convictions were for an unlawfully issued driver's license, criminal use of personal identification, uttering a forged instrument and grand theft. [*Id*. at 26-27]. The court questioned counsel as to the relevance of the credit cards to Smith's criminal history. [*Id*. at 27]. Counsel also admitted that there was no evidence the credit cards were in Smith's possession. [*Id*. at 28]. The court ruled that if there was a point in the cross examination where counsel wanted to address the credit cards, the court would send the jury out so counsel could proffer. [*Id*. at 28]. When counsel proffered to question Smith on the matter, the court determined that the prejudice would substantially outweigh the probative value. [*Id*. at 306-308].

Indeed, the trial court did permit counsel's cross-examination of Smith's probationary status and criminal history. [*Id*. at 308-313]. Petitioner's Confrontation Clause challenge fails because whether Smith possessed stolen credit cards, at the time she was shot, was not relevant as impeachment evidence. *See Van Arsdall*, 475 U.S. at 679; *see also Francis v. Dugger*, 908 F.2d 696, 702 (11th Cir. 1990) (same); *Capps v. Collins*, 900 F.2d 58, 60-61 (5th Cir. 1990) (there is "no constitutional right to present irrelevant evidence"). The state court's conclusion that Petitioner was not deprived of his right of cross-examination, confrontation, and impeachment was neither contrary to, nor an unreasonable application of, clearly established federal law. Deference is due. Accordingly, **Claim 8** should be DENIED.

**VI.     Motion for Reconsideration and Third Motion to Expand Record**

In addition to the above claims, Petitioner recently filed a Motion for Reconsideration of several of the Court's prior orders denying his motions, as well as a Third Motion to Expand the Record due to what he claims is newly discovered evidence supporting an actual innocence claim. [ECF Nos. 56, 57]. Because they are very similar, the Undersigned will address them together.

In the Motion for Reconsideration, Petitioner asks the Court to reconsider its orders denying his prior motions for leave to conduct discovery and for appointment of counsel. To summarize, Petitioner reincorporates his prior motion by reference [ECF No. 39], and challenges the Court's repeated denial of his requests. [ECF Nos. 41, 42, 43, 44, 45, 46, 49, 50, 53, 54]. In support, Petitioner claims that he has a sworn and notarized statement from the victim in his underlying criminal case that recants her trial testimony and proves he is actually innocent of his nearly twenty-year-old state court conviction. [ECF No. 56]. Petitioner again seeks counsel and leave to conduct discovery to further develop this actual innocence claim. Petitioner claims this is required to prevent "manifest injustice."

Though not dispositive to these motions, the Undersigned notes that Petitioner claims to have received a letter from the victim in May 2020 but did not raise this issue to the Court until November 2020. Further, Petitioner does not even provide the alleged letter with his motions. Notwithstanding, the motions should be denied because Petitioner's actual innocence claim is unexhausted at the state court level, and because an actual innocence claim based on newly discovered evidence is not cognizable in federal habeas proceedings absent an independent constitutional violation in the underlying state court proceedings. *See Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). As discussed

at length above, none of Petitioner's claims establish such a violation, and any actual innocence claim should be denied.

For the same reason, his Third Motion to Expand the Record should be denied as well. Petitioner seeks leave to conduct discovery to expand upon his actual innocence claim, however, such a claim is not cognizable as a freestanding claim. Before being authorized to conduct discovery in a federal habeas proceeding, leave of court is required and good cause must be shown to engage in discovery. *See* Rules Governing Section 2254 Proceedings, R. 6(a). There is no good cause to allow for discovery, because even if evidence of actual innocence is found, it would not provide Petitioner relief due to the fact he has failed to establish an independent constitutional violation in his underlying state court proceedings. "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact." *Brownlee*, 306 F.3d at 1065 (quoting *Herrera*, 506 U.S. at 400). That is exactly what Petitioner seeks to argue with this newly discovered evidence claim, and why the motions should be denied.

## VII.    Evidentiary Hearing

Based upon the above, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the habeas petition can be resolved by reference to the state court record. *See* 28 U.S.C. § 2254(e)(2); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing); *Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary

hearing should be denied "if such a hearing would not assist in the resolution of his claim.").
Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the
existence of any factual disputes that warrant a federal evidentiary hearing.

## VIII.    Certificate of Appealability

A petitioner seeking to appeal a district court's final order denying his petition for writ of
habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability
("COA") to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial
of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's
constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would
find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v.
McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on
procedural grounds, the petitioner must show that "jurists of reason would find it debatable
whether the petition states a valid claim of the denial of a constitutional right and that jurists of
reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, Petitioner is not entitled to a COA. Nevertheless, as now
provided by the Rules Governing § 2254 Proceedings, R. 11(a): "Before entering the final order,
the court may direct the parties to submit arguments on whether a certificate should issue." If there
is an objection to this recommendation by either party, that party may bring this argument to the
attention of the District Judge in the objections permitted to this report and recommendation.

## IX.    Recommendations

Based upon the above, it is recommended that the Amended Petition for Writ of Habeas
Corpus [ECF No. 11] be DENIED, no certificate of appealability issue, the Motion for

Reconsideration [ECF No. 56] be DENIED, the Third Motion to Expand the Record [ECF No. 57] be DENIED, and the case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a de novo determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 25th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Christopher Roundtree
        913316
        Cross City Correctional Institution
        Inmate Mail/Parcels
        568 NE 255th Street
        Cross City, FL 32628
        PRO SE

        Allen R. Geesey
        Office of the Attorney General
        Criminal Appeals
        1515 North Flagler Drive, Suite 900
        West Palm Beach, FL 33401
        Tel: 561-837-5000
        Fax: 837-5099
        Email: allen.geesey@myfloridalegal.com