UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61208-CIV-ALTONAGA/Reid

**CHRISTOPHER ROUNDTREE**,

 Petitioner,

v.

**MARK INCH**, *Secretary, Florida Department of Corrections*; *et al.*,

 Respondents.

_____ /

## ORDER

On May 13, 2019, Petitioner, Christopher Roundtree, filed a *pro se* Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. The Clerk referred the case to Magistrate Judge Lisette M. Reid under Administrative Order 2019-2 for a report and recommendation on dispositive matters. (*See* [ECF No. 2]). Petitioner then filed an Amended Petition [ECF No. 11] and a Memorandum of Law [ECF No. 14]; the Magistrate Judge construed the latter as supplementing the Amended Petition. (*See* Sept. 20, 2019 Order [ECF No. 28]). The case now comes before the Court on Judge Reid's November 25, 2020 Report of Magistrate Judge [ECF No. 60], recommending the Petition be denied. (*See id.* 2).

When a magistrate judge's findings or recommendations have been objected to, district courts must review the findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's

intent was to only require a *de novo* review where objections have been properly filed — not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)).

The Report advised Petitioner he had 14 days to file an objection. (*See id.* 23). At Petitioner's request, the Court extended the objection filing deadline to January 9, 2021. (*See* Dec. 15, 2020 Order [ECF No. 62]). Despite having requested additional time to do so, Petitioner did not file objections to the Report, but rather a motion discussed briefly below. The Court reviews the Report for clear error.

A jury convicted Petitioner of possession of a firearm by a convicted felon. (*See* Report 3). The trial court sentenced Petitioner as a habitual offender to thirty years' imprisonment. (*See id.*). Petitioner appealed and the Fourth District Court of Appeal affirmed. *See generally Roundtree v. State*, 843 So. 2d 281 (Fla. 4th DCA 2003). During the following 15 years, Petitioner exhaustively litigated a Florida Rule of Criminal Procedure 3.850 post-conviction motion which was denied; he also unsuccessfully appealed the denial. (*See* Report 6–8 (citing *Roundtree v. State*, 246 So. 3d 1247 (Fla. 4th DCA 2018))).

The present Petition raises eight claims: denial of due process arising from the trial court denying the Petitioner's motion for a continuance following the prosecutor's late disclosure of expert evidence, preventing Petitioner from properly preparing for trial (Claim 1); five different ineffective-assistance-of-counsel claims (Claims 2 through 6); and two claims arising from trial court evidentiary rulings (Claims 7 and 8). (*See* Report 2). The Magistrate Judge reviewed in detail each claim, comparing them to the numerous issues raised in state court on direct appeal and

in Petitioner's post-conviction motion. (*See id.* 4–8 & nn. 2–8).

With the exception of Claim 1, the Magistrate Judge correctly concluded Petitioner did not provide the state courts a meaningful opportunity to address the federal issues he raises here — making Claims 2 through 8 unexhausted for federal habeas review. (*See id.* 12–19 (citing *Baldwin v. Reese*, 541 U.S. 27 (2004); *Leonard v. Wainwright*, 601 F.2d 807 (5th Cir. 1979); and *Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010); other citations omitted)). The Magistrate Judge determined that Claims 2 through 6 were not properly raised on appeal. (*See id.* 14–17). And while the substance of Claims 7 and 8 was raised on appeal, Petitioner did not fairly present the federal grounds of those claims — if such federal grounds exist — to the state court. (*See id.* 17–19).

The parties agreed Claim 1 was properly exhausted in state court. (*See id.* 10). In Claim 1, Petitioner argues the trial court's denial of a continuance prevented him from adequately rebutting expert testimony — expert testimony disclosed relatively late in the trial. (*See id.*). The Magistrate Judge reviewed the record and concluded this argument lacked merit. (*See id.* 11). Specifically, Judge Reid analogized Petitioner's two-week notice of the prosecutor's expert testimony to the facts in *Ungar v. Sarafite*, where the Supreme Court determined a five-day notice period was sufficient to retain counsel and prepare a defense. (*See id.* (citing 376 U.S. 575, 589–90 (1964))). Guided by this relevant authority, the Report states the trial court's decision to deny a continuance was not arbitrary or fundamentally unfair. (*See id.*). Judge Reid thus recommends denying Claim 1 on the merits. (*See id.*).

The Report also addresses Petitioner's allegations of newly discovered evidence supporting a purported actual innocence claim. (*See id.* 20). Petitioner claims to have a sworn statement from a victim recanting her trial testimony. (*See id.*). This new evidence is central to three different motions filed by Petitioner: a Motion for Reconsideration of certain prior orders [ECF No. 56]; a

3

Third Motion to Expand the Record [ECF No. 57]; and most recently, a Motion to Stay Proceedings [ECF No. 63].[1] (*See* Report 20). The Magistrate Judge correctly concludes that a claim of actual innocence based on newly discovered evidence is not cognizable in a federal habeas case absent an independent constitutional violation in the underlying state court proceedings; the first two motions should thus be denied. (*See id.* (citing *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002))). And Petitioner is not entitled to a stay of *this* action for the purpose of exhausting an *unrelated claim* in an *ongoing state postconviction proceeding*; once Petitioner exhausts that claim, he may then avail himself of federal habeas review.[2] Petitioner's Motion to Stay is thus denied.

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error is present. Considering that review, the undersigned agrees with the analysis and recommendations stated in the Report and agrees with Judge Reid's conclusions. The Court also agrees with the Magistrate Judge that no certificate of appealability is warranted, as Movant has not made a substantial showing of the denial of a constitutional right. (*See id.* 22).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 60]** is **ACCEPTED AND ADOPTED**. Petitioner, Christopher Roundtree's Amended Petition **[ECF No. 11]** is **DENIED**. A certificate of appealability shall not issue. The Clerk of Court is directed to **CLOSE** this case.

---

[1] The Motion to Stay advises Petitioner filed a Rule 3.850 motion for post-conviction relief on October 28, 2020, alleging newly discovered evidence, which is still pending. (*See* Mot. to Stay 1). He requests a stay of this case in order to exhaust "the newly discovered claim." (*Id.*).

[2] 28 U.S.C. section 2244(b) provides that a second 2254 petition may be presented based on newly discovered facts that "could not have been discovered previously through the exercise of due diligence" and "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(B).

CASE NO. 19-61208-CIV-ALTONAGA/Reid

All pending motions are **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 27th day of January, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

5